A98A0908. SPARKS v. THE STATE.
(505 SE2d 555)

Judge Harold R. Banke.

William Antonio Sparks appeals his convictions for burglary and possession of a firearm during the commission of a felony. He challenges the sufficiency of the evidence, claiming his conviction was

based upon the uncorroborated testimony of an accomplice. He also contends the trial court erred by denying his motion for a mistrial made after a witness impermissibly placed his character in issue. *Held*:

1. Although OCGA § 24-4-8 prohibits felony convictions based upon the sole testimony of an accomplice, Sparks' contention is without merit because his conviction for burglary was not based solely on his accomplice's testimony. Several witnesses who were not accomplices in the robbery testified that a group of men, including Sparks and his accomplice, Gadson, were in a park smoking and drinking when Sparks and Gadson started talking about robbing someone. Sparks and Gadson left the group and started walking toward the victim's house. Later, a gunshot was heard and Sparks and Gadson were seen running from the scene. Also, a witness testified that he heard Sparks and Gadson say they were going to rob someone on Seiler Avenue. Another witness testified that on the night in question Sparks asked him for a gun to use in a robbery. Further, the boyfriend of the burglary victim testified that the back door of the house was damaged.

This was sufficient evidence to corroborate Gadson's testimony that he acted as look out while Sparks kicked in the door. "[S]light evidence of a defendant's identity and participation from an extraneous source is all that is required to corroborate the accomplice's testimony, and thus, support the verdict. The necessary corroboration may be by circumstantial evidence." (Citations and punctuation omitted.) *Stephenson v. State*, 220 Ga. App. 95, 96-97 (3) (469 SE2d 266) (1996).

"The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it cannot be said, as a matter of law, that the verdict is contrary to the evidence." (Citations and punctuation omitted.) *Cody v. State*, 195 Ga. App. 318 (1) (393 SE2d 692) (1990).

Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of the crimes for which he was convicted beyond a reasonable doubt within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Sparks' contention that the trial court erred by denying his motion for a mistrial is without merit. Sparks contends his motion for a mistrial should have been granted because a witness' answer placed his character in question.

On direct, the witness testified that Sparks claimed he killed the victim of the burglary. Defense counsel responded to this damaging

testimony by attempting to show on cross-examination that this witness did not really believe Sparks' admission. The witness agreed that he did not believe Sparks had the heart to kill. However, his stated reason for this conclusion was that he and Sparks had limited their activities to numerous less violent crimes such as selling crack and stealing cars.

The witness' answer was made during examination by Sparks' counsel and this apparently "inadvertent comment in the course of cross-examination . . . does not rise to the level of misconduct condemned in *Boyd v. State*, 146 Ga. App. 359 (246 SE2d 396)." *Martin v. State*, 193 Ga. App. 581, 584 (2) (388 SE2d 420) (1989). We do not find from the context of the answer that it was made to intentionally prejudice the jury against Sparks. " 'Trial counsel may not take chances propounding questions which may elicit damaging answers and then demand a mistrial on the basis of [such an] answer. *Felker v. State*, 252 Ga. 351 (314 SE2d 621) (1984). Furthermore, . . . whether to grant a mistrial is within the sound discretion of the trial court and his ruling will not be disturbed absent an abuse of discretion. *Ladson v. State*, 248 Ga. 470 (285 SE2d 508) (1981).' *Buxton v. State*, 253 Ga. 137, 139 (317 SE2d 538)." *Martin v. State*, 193 Ga. App. at 584 (2). Under the circumstances, we find no abuse of discretion, and, hence, no error.

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED AUGUST 18, 1998.

*Savage, Herndon & Turner, Thomas R. Herndon*, for appellant.
*Spencer Lawton, Jr., District Attorney*, for appellee.