## A99A0348. BLACKWELL v. THE STATE.
(516 SE2d 787)

ANDREWS, Judge.

Grady Blackwell pled guilty to three counts of possession of cocaine with intent to distribute and one count of trafficking in cocaine. The State filed a Notice of Recidivism pursuant to OCGA § 17-10-7 (c), and the court accepted four of the predicate offenses, two convictions for possession of a controlled substance, one conviction for possession with intent to distribute cocaine, and one convic-

tion for criminal attempt to obtain a controlled substance. The court stated that it was sentencing Blackwell under both OCGA §§ 16-13-30 (d) and 17-10-7 (c).

Blackwell claims on appeal that the court erred in sentencing him under both these Code sections because OCGA § 16-13-30 (d) prohibits the court from sentencing him under OCGA § 17-10-7 (c). We disagree.

OCGA § 17-10-7 (c) provides that anyone who has been convicted of three prior felonies must, after being convicted of a subsequent offense, serve the maximum time provided for in his sentence and will not be eligible for parole until he has served the maximum time.

OCGA § 16-13-30 (d) provides that anyone convicted of manufacturing, selling, or possessing with intent to distribute a controlled substance as specified in subsection (b) is guilty of a felony and shall be sentenced to not less than five years nor more than thirty years. Upon a second or subsequent conviction, he shall be sentenced to not less than ten years nor more than forty years. This Code section goes on to state: "The provisions of subsection (a)[1] of Code Section 17-10-7 shall not apply to a sentence imposed for a second such offense; provided, however, that the remaining provisions of Code Section 17-10-7 shall apply for any subsequent offense." OCGA § 16-13-30 (d).

Here, the court did not sentence Blackwell under OCGA § 17-10-7 (a), it sentenced him under OCGA § 17-10-7 (c). Nevertheless, Blackwell argues that OCGA § 16-13-30 (d) should be interpreted as providing for the remaining sections to apply only to offenses subsequent to the second offense.[2]

The statute clearly states that only the provisions of subsection (a) shall not apply to a sentence imposed for a second such offense and also specifically provides that the remaining provisions of Code § 17-10-7 shall apply for any subsequent offense. A well-established canon of statutory construction, inclusio unius, exclusio alterius, provides that the inclusion of one implies the exclusion of others. See, e.g., *O'Melveny & Myers v. Fed. Deposit Ins. Corp.*, 512 U. S. 79, 86 (114 SC 2048, 2054, 129 LE2d 67) (1994); *United States v. Koonce*, 991 F2d 693, 698 (11th Cir. 1993) ("The canon of statutory construction that the inclusion of one implies the exclusion of others is well-established.").

Applying this rule to OCGA § 16-13-30 (d), we conclude that had

---

[1] Subsection (a) of OCGA § 17-10-7 states that anyone committing a second felony punishable by confinement in a penal institution shall be sentenced to the longest period of time prescribed for the punishment of that offense unless the trial judge, in his discretion, probates or suspends the maximum sentence.

[2] Blackwell claims this was only his second offense of possession with intent to distribute.

the legislature intended for the remaining sections to apply only to offenses subsequent to the *second* offense, it would not have singled out subsection (a), but would have provided that OCGA § 17-10-7 in its entirety would not apply to a second offense under OCGA § 16-13-30 (b).

Therefore, we interpret OCGA § 16-13-30 (d) as providing that although the court may not sentence second time offenders under both OCGA §§ 16-13-30 (d) and 17-10-7 (a), it may sentence second time offenders under both OCGA § 16-13-30 (d) and any remaining provisions of OCGA § 17-10-7. Thus, even assuming this was just Blackwell's second offense under OCGA § 16-13-30 (b), the trial court was not prohibited from sentencing him under both OCGA §§ 16-13-30 (d) and 17-10-7 (c). There was no error.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED APRIL 23, 1999 —
RECONSIDERATION DENIED MAY 5, 1999 — 

*King, King & Jones, David H. Jones, Bernard S. Brody*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Tammi R. Simpson, Assistant District Attorneys*, for appellee.