### A00A0057. LEONARD v. THE STATE.
(528 SE2d 540)

ELDRIDGE, Judge.

Calvin Leroy Leonard appeals his conviction for being a party to the crime of violation of the Georgia Controlled Substances Act (sale of cocaine). His sole enumeration of error questions the sufficiency of the evidence to authorize his conviction. Under the standard of *Jackson v. Virginia*,[1] we find that the evidence was sufficient for a rational trier of fact to find Leonard guilty of the crime for which he was convicted, and we affirm.

In the light most favorable to the verdict,[2] the evidence shows the following: On October 14, 1997, the Bartow County Sheriff's Department, together with the City of Cartersville Police Department, conducted an undercover drug buy operation with the assistance of Carl January, a confidential informant. Prior to sending January to attempt to purchase drugs, police officers searched both the vehicle that was to be used in the undercover operation and January for contraband. January was provided with marked currency to purchase drugs. January drove a car equipped with a hidden video-camera to the Walker Street area of Cartersville. January was fol-

---

[6] *Childers*, supra at 458.
[7] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] Id.

lowed by several police officers who were traveling in a surveillance vehicle.

At trial, Leonard's accomplice, Gary Lamar Allen, testified that he, Leonard, and Freddie Stockely, Jr. were walking down Walker Street. Allen testified that he thought January was someone else and motioned with his hand for him to stop. Allen approached January's car while the other men continued walking. Allen further testified that January asked him if he knew where January could purchase some crack cocaine. Allen walked up to Leonard and asked him if he had any cocaine. Leonard told Allen that he had "a couple of pieces." Leonard handed Allen one piece of cocaine, which Allen sold to January for $20. Then, Allen gave Leonard the $20. Allen further testified that Leonard gave him a rock of cocaine for his part in the sale.

Leonard argues that there was not sufficient evidence to corroborate Allen's testimony. We disagree. While Georgia law does not allow a conviction based upon the uncorroborated testimony of an accomplice,[3] "[s]light evidence of [Leonard's] identity and participation from an extraneous source is all that is required to corroborate the accomplice's testimony, and thus, support the verdict. The necessary corroboration may be by circumstantial evidence." (Citations and punctuation omitted.) *Sparks v. State*, 234 Ga. App. 11, 12 (505 SE2d 555) (1998).

In this case, the testimony of accomplice Allen is amply corroborated. January testified that he saw Allen and some other men on Walker Street; that Allen came over to his stopped car; that he asked Allen if Allen could sell him some drugs; and that Allen said he would have to get the drugs from someone else. January further testified that he saw Allen walk up to Leonard, who was standing under a tree at a nearby apartment building, and talk with him. Leonard then handed something to Allen and walked away. Allen came back to January's car and sold him one piece of crack cocaine for $20.

Further, police officers who were in a surveillance vehicle testified that they saw Allen, Leonard, Stockely, and possibly a fourth male walking up Walker Street. They saw January stop his car and Allen walk over to January's car. Allen's companions continued walking down the street. The surveillance officers then drove past January's stopped vehicle, circled around the Civic Center, and came back down Walker Street. When the surveillance officers made their sec-

---

[3] The testimony of a single witness is generally sufficient to establish a fact. However, in certain cases, including prosecutions for treason, prosecutions for perjury, and felony cases where the only witness is an accomplice, the testimony of a single witness is not sufficient. Nevertheless, corroborating circumstances may dispense with the necessity for the testimony of a second witness, except in prosecutions for treason. OCGA § 24-4-8.

ond trip down Walker Street, Leonard, Allen, and Stockely were standing together next to an apartment building.

> The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of [Leonard] is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting [Leonard] with the crime, it cannot be said, as a matter of law, that the verdict is contrary to the evidence.

(Citations and punctuation omitted.) Id.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JANUARY 20, 2000.

*Kelley A. Dial*, for appellant.

*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.