## A01A1662. BROWN v. THE STATE.
(556 SE2d 881)

BLACKBURN, Chief Judge.

After pleading guilty, Mitchell Louis Brown appeals his sentence for possession of cocaine with intent to distribute and misdemeanor possession of marijuana, arguing that the trial court erred by imposing sentence pursuant to both OCGA § 17-10-7, the general recidivist statute, and OCGA § 16-13-30 (d), which applies to sentencing for multiple felonies regarding the possession and sale of controlled substances. For the reasons set forth below, we affirm.

The record shows that, at Brown's sentencing hearing, the State introduced evidence of Brown's 1990 guilty plea and conviction for possession of cocaine with intent to distribute. The State indicated that it was tendering this evidence in order to trigger the sentencing provisions of OCGA § 16-13-30 (d). In addition, the State introduced evidence of Brown's additional prior convictions for possession of cocaine with intent to distribute, sale of cocaine, and possession of marijuana with intent to distribute. The State introduced these prior convictions for the purpose of triggering OCGA § 17-10-7 (c).[1]

Based on Brown's prior convictions, the trial court determined

---

[9] *K-Mart Corp.*, supra at 747 (4); *Garmon*, supra.
[10] See Court of Appeals Rule 27 (c) (2); *Garmon*, supra at 95 (4).
[1] We note that Brown did not object to the admission of any of his prior convictions.

that, pursuant to OCGA § 16-13-30 (d), Brown's sentence would have to be between ten and forty years in duration since the State had waived a life sentence. The trial court further found that, pursuant to OCGA § 17-10-7 (c), Brown would have to serve the maximum time provided for in its sentence without eligibility for parole. Accordingly, the trial court sentenced Brown to serve 40 years, 25 years incarcerated and 15 years on probation. Brown now appeals this sentence, arguing that only OCGA § 16-13-30 should have been applicable to the determination of his sentence and the trial court erred by applying OCGA § 17-10-7 (c).

OCGA § 17-10-7 (c) provides, in pertinent part, that an individual who has been convicted of three prior felonies must serve the maximum time provided for in his sentence for a subsequent offense. In addition, the offender will not be eligible for parole until the maximum time has been served.

OCGA § 16-13-30 (d) states:

Except as otherwise provided, any person who violates subsection (b) of this Code section with respect to a controlled substance in Schedule I or Schedule II shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment by not less than five years nor more than 30 years. Upon conviction of a second or subsequent offense, he or she shall be imprisoned for not less than ten years nor more than 40 years or life imprisonment. The provisions of subsection (a) of Code Section 17-10-7 shall not apply to a sentence imposed for a second such offense; provided, however, that the remaining provisions of Code Section 17-10-7 shall apply for any subsequent offense.

The plain language of these statutes undermines Brown's argument that he could not be sentenced under both OCGA §§ 16-13-30 (d) and 17-10-7 (c) for his offenses. OCGA § 16-13-30 (d) explicitly states that, for a third or subsequent offense of OCGA § 16-13-30 (b), the provisions of OCGA § 17-10-7 other than subsection (a) will be applicable.

In fact, OCGA § 17-10-7 (c) applies even to a second offense of OCGA § 16-13-30 (b).

[OCGA § 16-13-30 (d)] clearly states that only the provisions of subsection (a) [of OCGA § 17-10-7] shall not apply to a sentence imposed for a second such offense and also specifically provides that the remaining provisions of Code section 17-10-7 shall apply for any subsequent offense. A well-established canon of statutory construction, inclusio unius,

exclusio alterius, provides that the inclusion of one implies the exclusion of others. Applying this rule to OCGA § 16-13-30 (d), we conclude that had the legislature intended for the remaining sections to apply only to offenses subsequent to the second offense, it would not have singled out subsection (a), but would have provided that OCGA § 17-10-7 in its entirety would not apply to a second offense under OCGA § 16-13-30 (b). Therefore, we interpret OCGA § 16-13-30 (d) as providing that although the court may not sentence second time offenders under both OCGA §§ 16-13-30 (d) and 17-10-7 (a), it may sentence second time offenders under both OCGA § 16-13-30 (d) and any remaining provisions of OCGA § 17-10-7.

(Citations and emphasis omitted.) *Blackwell v. State.*[2] See also *Mann v. State*[3] (OCGA § 16-13-30 (d) grants discretion to sentence defendants for a third or subsequent conviction to a term between ten to forty years in prison or to life in prison).

For all of the foregoing reasons, Brown's enumeration is meritless, and the trial court properly imposed sentence upon him.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED DECEMBER 3, 2001 —

*Jerry W. Caldwell,* for appellant.

*Stephen D. Kelley, District Attorney, John B. Johnson III, Assistant District Attorney,* for appellee.

---

[2] *Blackwell v. State,* 237 Ga. App. 896, 897-898 (516 SE2d 787) (1999).
[3] *Mann v. State,* 273 Ga. 366 (541 SE2d 645) (2001).