## A03A2320. THE STATE v. JONES.
### (594 SE2d 706)

MIKELL, Judge.

After a jury trial, Benjamin R. Jones was convicted of possession of cocaine with intent to distribute and possession of marijuana. The state filed a notice of its intent to seek recidivist punishment pursuant to OCGA §§ 16-13-30, 17-10-2, and 17-10-7. The trial court sentenced Jones to twelve years, with seven to serve and five on probation. The state appeals, arguing that the trial court erred when it probated a portion of Jones's sentence. We agree and remand for resentencing.

1. At the outset, we address Jones's argument that this Court lacks jurisdiction to hear this appeal because the state filed its notice of appeal within 30 days of the denial of the appellee's motion for new trial instead of filing a post-conviction motion contesting the alleged improper sentence. The law is clear that the state is authorized to appeal a void sentence,[1] and that the state's appeals are governed by the same time limitations as those applied to other appellants in criminal cases.[2] In the absence of express statutory authority requiring the state to file a motion to amend an improper sentence as a prerequisite to appealing that sentence, we hold that the state may appeal directly the sentence imposed by the trial court or file a motion to amend the sentence and then directly appeal the denial

---

[6] See id.
[1] OCGA § 5-7-1 (a) (5); *State v. Stuckey*, 145 Ga. App. 434 (243 SE2d 627) (1978). Accord *State v. Shuman*, 161 Ga. App. 304, 306 (6) (287 SE2d 757) (1982); *State v. Baldwin*, 167 Ga. App. 737, 738 (1) (307 SE2d 679) (1983) (notice of appeal from allegedly void sentence invokes this Court's jurisdiction).
[2] OCGA § 5-7-4.

thereof. In any event, the state has 30 days from judgment or from the denial of the motion to amend to file its notice of appeal. However, should the defendant file a motion for new trial, that motion tolls the time within which the state can directly appeal the sentence. In that case, the state has 30 days from the denial of the motion for new trial to appeal the alleged improper sentence.

2. The conviction in the instant case was Jones's second conviction for possession of cocaine with intent to distribute, OCGA § 16-13-30 (b). Subsection (d), the specific recidivist statute for certain drug offenses, provides, in pertinent part:

> Upon conviction of a second or subsequent [violation of OCGA § 16-13-30 (b)], he or she *shall be imprisoned for not less than ten years* nor more than 40 years or life imprisonment. The provisions of subsection (a) of Code Section 17-10-7 shall not apply to a sentence imposed for a second such offense; provided, however, that the remaining provisions of Code Section 17-10-7 shall apply for any subsequent offense.[3]

OCGA § 17-10-7 (c), the general recidivism statute, provides that any person who has been convicted of three felonies, upon conviction for a fourth or subsequent felony offense, must serve the maximum time provided in the sentence of the judge based upon the conviction and is not eligible for parole until that maximum time is served.

> In interpreting the interplay of § 16-13-30 (d) and § 17-10-7, we must bear in mind the principle that a specific statute will prevail over a general statute, absent any indication of a contrary legislative intent. In this case, § 16-13-30 (d) provides a specific sentencing scheme for defendants convicted more than once of possessing cocaine with the intent to distribute under § 16-13-30 (b). For this reason, the general recidivist scheme of § 17-10-7 will apply to multiple convictions under § 16-13-30 (b) only if § 16-13-30 (d) permits the applicability of § 17-10-7. Finally, in interpreting criminal statutes, it is axiomatic that any ambiguities must be construed most favorably to the defendant.[4]

It is well settled that OCGA § 16-13-30 (d) gives the sentencing judge discretion to impose either a sentence between ten and forty

---

[3] (Emphasis supplied.)

[4] (Punctuation and footnotes omitted.) *Mann v. State*, 273 Ga. 366, 368 (1) (541 SE2d 645) (2001).

years or life imprisonment for a second or subsequent conviction of possession of cocaine with intent to distribute.[5] Therefore, the trial judge's sentence of 12 years in this case falls within the sentencing guideline. However, the decision to probate a portion of the sentence, requiring Jones to serve only seven years, is in direct contravention to the statute, which states specifically that a second time offender "shall be imprisoned for not less than ten years. . . ."[6] By the plain reading of this statute, a defendant must serve at least ten years in prison. OCGA § 17-10-7 (c), which applies to a second offense under OCGA § 16-13-30 (b),[7] requires that the time be served without parole.[8]

Accordingly, we vacate the sentence of the trial court and remand the case for resentencing in accordance with this opinion.

*Judgment reversed and case remanded. Johnson, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 10, 2004 ■■■■■■■■

*J. Gray Conger, District Attorney, Mark C. Post, Assistant District Attorney*, for appellant.
*William J. Mason*, for appellee.

---

[5] *Johnson v. State*, 259 Ga. App. 452, 457 (4) (576 SE2d 911) (2003); *Scott v. State*, 248 Ga. App. 542, 545 (2) (545 SE2d 709) (2001); *Moton v. State*, 242 Ga. App. 397, 400 (3) (530 SE2d 31) (2000); *Mann v. State*, 240 Ga. App. 809, 810 (1) (a) (524 SE2d 763) (1999), aff'd, *Mann*, supra, 273 Ga. at 368 (1). Under the predecessor OCGA § 16-13-30 (d), the trial court was required to impose a life sentence upon a second violation of OCGA § 16-13-30 (b). *Moton*, supra at 399 (3); *Morgan v. State*, 220 Ga. App. 198, 201 (469 SE2d 340) (1996).

[6] OCGA § 16-13-30 (d).

[7] *Brown v. State*, 252 Ga. App. 714, 715 (556 SE2d 881) (2001).

[8] *Johnson*, supra at 457 (4).