A05A2212. RODGERS v. GENERAL MOTORS CORPORATION.
(627 SE2d 151)

ADAMS, Judge.

Heath Rodgers sued General Motors Corporation for breach of express and implied warranties following his purchase of a new 2002 Pontiac TransAm. Rodgers appeals from the trial court's order granting summary judgment to General Motors, contending he did not waive his right to pursue breach of warranty claims in court by

utilizing the alternative dispute resolution procedures found in the Motor Vehicle Warranty Rights Act, OCGA § 10-1-780 et seq. We agree and reverse.

The underlying facts in this case are undisputed. Following his purchase of the new TransAm, Rodgers experienced various difficulties with it that are not relevant to this appeal. When the dealership was unable to resolve his problems to his satisfaction, Rodgers requested arbitration before the Council of Better Business Bureaus. Before participating in the arbitration, Rodgers signed a form titled "Waiver Required by Georgia Law." The form stated in an outlined box:

> Section 10-1-784 (d) of the Georgia Motor Vehicle Warranty Rights Act (the "Lemon Law") requires that consumers who wish to arbitrate a claim under the Georgia Lemon Law must waive their rights to pursue legal action under the Uniform Commercial Code provisions listed below.

Underneath this statement, Rodgers acknowledged that he waived any rights he "might have under the Uniform Commercial Code provisions of Georgia state law ([Code] Sections 11-2-602 through 11-2-609)."

After the Better Business Bureau arbitrator denied his claim, Rodgers requested a second arbitration before the new motor vehicle panel created in the Motor Vehicle Warranty Rights Act. OCGA §§ 10-1-786 (a) and 10-1-794. Before participating in this arbitration, he signed the following:

> I understand that state law provides that if I participate in procedures under the Georgia Motor Vehicle Warranty Rights Act, I will be deemed to have waived and given up other rights I might have under the Uniform Commercial Code provisions of state law. ([Code] Sections 11-2-602 through 11-2-609). . . . I hereby surrender and waive any rights I may have under the provisions of [Code] Sections 11-2-602 through 11-2-609.

Before the second arbitration panel issued its decision, Rodgers hired counsel, sent a letter to General Motors revoking his acceptance of the TransAm, and filed a complaint against General Motors seeking damages based on General Motors' alleged breach of implied and express warranties. In his prayer for relief, he seeks revocation of his acceptance and consequential and incidental damages. He also made a claim for damages under the Magnuson-Moss Warranty Act, 15 USCA § 2301 et seq.

General Motors moved for summary judgment, contending: (1) that the waiver signed by Rodgers precluded him from bringing any breach of warranty claims under Georgia's Uniform Commercial Code, OCGA § 11-2-101 et seq.; and (2) that Rodgers' Magnuson-Moss Warranty Act claim was dependent on a valid claim under Georgia's Uniform Commercial Code. See *Knight v. American Suzuki Motor Corp.*, 272 Ga. App. 319, 321 (1) (612 SE2d 546) (2005) ("Magnuson-Moss Warranty Act creates no claims except for attorney fees and relies upon state law to create and define implied warranties, breach, and some kinds of damages") (citation and punctuation omitted). The trial court agreed, and Rodgers brought this appeal.

Our analysis of whether Rodgers waived all of his breach of warranty claims turns on the following provision of the Motor Vehicle Warranty Rights Act:

> The provisions of Code Sections 11-2-602 through 11-2-609 shall not apply to the sale of a new motor vehicle if the consumer seeks to use the remedies provided for in this article. A consumer shall be deemed to have used the remedies provided for in this article when he or she completes, signs, and returns forms prescribed by the administrator for the submission of disputes to an informal dispute resolution settlement mechanism or to a panel, whichever occurs first. Such forms shall contain a conspicuous statement clearly advising the consumer of the rights the consumer is waiving by participating in the procedures under this article. A consumer may not use the remedies provided for in this article if the consumer has already sought to use the remedies provided for in Code Sections 11-2-602 through 11-2-609, unless the nonconformity did not exist or was not known at the time of using the remedies provided for in such Code sections.

OCGA § 10-1-784 (d).

OCGA §§ 11-2-602 through 11-2-609 are a portion of Georgia's Uniform Commercial Code governing the sale of goods. See OCGA §§ 11-1-101 and 11-2-102. Part Six is titled "Breach, Repudiation, and Excuse" and the specific Code sections referenced in OCGA § 10-1-784 (d) relate to the procedures for rejection (OCGA §§ 11-2-602 through 11-2-605), acceptance (OCGA § 11-2-606), notice of breach (OCGA § 11-2-607), revocation of acceptance (OCGA § 11-2-608), and adequate assurance of performance (OCGA § 11-2-609). Part Seven, which is *not* expressly mentioned in OCGA § 10-1-784 (d), is titled "Remedies" and provides for a buyer's remedies if the buyer justifiably revokes acceptance (OCGA § 11-2-711 (1)), and where the buyer

accepts nonconforming goods (OCGA § 11-2-714). And OCGA § 10-1-784 (d) does not expressly refer to the portion of the Uniform Commercial Code creating express and implied warranties. See OCGA §§ 11-2-313 and 11-2-314.

1. Based on these omissions by the General Assembly in its drafting of OCGA § 10-1-784 (d), we find that the trial court erred when it concluded that Rodgers waived all of his breach of warranty claims under Georgia's Uniform Commercial Code. OCGA § 10-1-784 (d) clearly and unambiguously provides that only OCGA §§ 11-2-602 through 11-2-609 are impacted by a buyer's decision to use the arbitration procedures provided by the Motor Vehicle Warranty Rights Act. This conclusion is supported by the General Assembly's declaration that "[n]othing in [the Motor Vehicle Warranty Rights Act] shall limit anyone from pursuing other rights or remedies under any other law, except as otherwise provided in this article." OCGA § 10-1-792.

Moreover, even if there were some ambiguity in the statute, which there is not, the rules of statutory construction would require the same result. "A well-established canon of statutory construction, inclusio unius, exclusio alterius, provides that the inclusion of one implies the exclusion of [the] others." (Citations omitted.) *Blackwell v. State,* 237 Ga. App. 896, 897 (516 SE2d 787) (1999). Applying this rule to OCGA § 10-1-784 (d), we conclude that had the General Assembly intended for a buyer to waive all of his breach of warranty claims under Georgia's Uniform Commercial Code, it would have referenced all of Title 11, not just a small portion of it dealing with procedural requirements. See *Edwards v. Hyundai Motor America,* 163 SW3d 494 (Mo. Ct. App. 2005) (holding analogous provision in Missouri lemon law did not supersede Missouri's Uniform Commercial Code with respect to new motor vehicles). If the General Assembly disagrees with our construction, it is free to amend the statute to make its intent clear, just as it has on other occasions. See, e.g., *State v. Sneddon,* 235 Ga. App. 739, 740 (510 SE2d 566) (1998) (legislature amended implied consent law after we held that the statute as written required an arresting officer to read the implied consent warnings verbatim).

Finally, the construction urged by General Motors would vitiate the mandate in OCGA § 10-1-784 (d) that the waiver form signed by a consumer "contain a conspicuous statement *clearly advising* the consumer of the rights the consumer is waiving. . . ." (Emphasis supplied.) The waiver form signed by Rodgers tracked the language of the statute and referenced only OCGA §§ 11-2-602 through 11-2-609. Thus, the waiver signed by Rodgers does not apply to remedies provided outside of the Code provisions expressly referenced and does not bar Rodgers' claims against General Motors.

2. Our holding in Division 1 renders the parties' arguments with respect to the Magnuson-Moss Warranty Act moot.

*Judgment reversed. Smith, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 9, 2006 —

*Krohn & Moss, David A. Stevens, Eric S. Fortas, Shawn Kalfus,* for appellant.

*Veronica D. Higgs,* for appellee.