A06A2450. FORTSON v. THE STATE.
(640 SE2d 693)

PHIPPS, Judge.

Damian Fortson was convicted of sale of cocaine. As a recidivist, he was given a mandatory sentence of ten years imprisonment without possibility of parole followed by five years probation. In this appeal, he challenges the validity of his sentence, charges his trial lawyer with ineffectiveness in not filing a motion to suppress, and complains of the admission of hearsay testimony from a law enforcement officer concerning the reason for the officer's presence on the scene. Finding no reversible error, we affirm.

State's evidence showed that on the night of October 16, 2003, DeKalb County police detectives D. L. Jordan and Susan Sharpe,

along with other officers, were conducting an undercover drug investigation at a motor lodge in the county. Jordan testified that because of numerous complaints of narcotics activity at the motor lodge, they had gone there to do what they refer to as a drug "sweep." The detectives were driving separate vehicles and using confidential informants (CIs) to make the drug buys. Jordan observed a CI go into a certain motel room and come back out shortly thereafter. The detective working with that CI signaled Jordan that a drug buy had taken place. Jordan then sent her own CI into the same motel room, where her CI made a drug buy. Jordan and Sharpe then observed a man, later identified as Fortson, going in and out of the motel room and standing around outside the room. Sharpe, who had also observed the earlier drug buys, sent her CI to the room to attempt a drug buy. She watched the CI approach the man standing in front of the room. After they engaged in a short conversation, she saw their hands come together. She then observed the CI walk back to her vehicle with a clenched fist. Inside was a chunky white substance that field tested positive for cocaine. After Sharpe's CI approached Fortson in front of the room and made the drug buy from him, a takedown signal was given and a uniformed SWAT team moved in to make the arrest. By the time they arrived, Fortson had walked back into the room, leaving the door ajar. SWAT team officers knocked on the door, then entered and arrested Fortson without incident, searched him, and found the $20 bill that had been given to Sharpe's CI.

In aggravation of punishment, the state at Fortson's presentence hearing introduced evidence of his three prior felony convictions including one for possession of cocaine with intent to distribute. Accordingly, the trial court gave Fortson the minimum sentence of ten years imprisonment required by OCGA § 16-13-30 (d) for conviction of his second violation of OCGA § 16-13-30 (b) with respect to a Schedule I or Schedule II controlled substance. And as required by OCGA § 17-10-7 (c), the sentence was imposed without possibility of parole because of Fortson's three prior felony convictions.

1. Fortson argues that even though OCGA § 16-13-30 (d) required the trial court to give him a minimum sentence of ten years imprisonment, OCGA § 17-10-1 (a) (1) authorized the court to probate all or part of the sentence. This argument is without merit. Because Fortson had three prior felony convictions, the operative sentencing provision was OCGA § 17-10-7 (c) and not OCGA § 17-10-1 (a) (1).[1]

2. Fortson charges his trial lawyer with ineffective assistance in not filing a motion to suppress the cocaine on grounds that the officers' entry into the motel room to arrest him without a warrant

---

[1] See *State v. Jones*, 265 Ga. App. 493, 494 (2) (594 SE2d 706) (2004).

was illegal. We find no merit in this claim. Where, as here, officers observed Fortson sell cocaine to an undercover operative outside the motel room, a warrantless arrest was authorized on the ground that the offense was committed in the officers' presence.[2] After he retreated into the room, "the exigencies of the situation demanded and excused an immediate entry" into the room to arrest him without a warrant.[3] "[F]ailure to pursue a futile motion does not constitute ineffective assistance."[4]

3. Fortson contends that the trial court erred in admitting testimony from Detective Jordan concerning the complaints of narcotics activity at the motel.

Fortson filed a motion in limine seeking to exclude information obtained through hearsay, or irrelevant and immaterial evidence, offered to explain the conduct of a state's witness. At the beginning of the trial, defense counsel explained that he was challenging the admissibility of evidence that the detectives had gone to the motor lodge to try to buy cocaine in response to complaints of narcotics activity at that location. The prosecuting attorney argued that such evidence was not hearsay and was relevant. In agreement, the trial court denied Fortson's motion in limine. We find no harmful error.

OCGA § 24-3-2 provides, "When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence not as hearsay but as original evidence."

The defendant in *Momon v. State*[5] was charged with rape and aggravated sodomy. At trial, the state introduced the testimony of two police officers as to the defendant's prior rape of another victim. The defendant's hearsay objection was overruled on the ground that the testimony was admissible to explain the officer's conduct. Our Supreme Court found the overruling of that objection to have been

---

[2] See OCGA § 17-4-20 (a).

[3] See *United States v. McGuire*, 608 F2d 1028, 1034 (5th Cir. 1979) (when officers with personal knowledge of defendant's involvement in conspiracy to sell cocaine learned of his presence in hotel room where transaction was taking place, exigencies of situation demanded and excused their warrantless entry into his room to arrest him); see also *Brock v. State*, 196 Ga. App. 605, 606-607 (2) (396 SE2d 785) (1990) (suspect who resisted arrest outside his home could not defeat warrantless arrest by retreating into his home); compare *Carranza v. State*, 266 Ga. 263, 264 (1) (467 SE2d 315) (1996) (officers, who through use of body bug worn by confidential informant overheard defendant sell falsified documents to informant in defendant's home, were required to obtain a warrant before entering the home to arrest him); *Hall v. State*, 216 Ga. App. 807 (1) (456 SE2d 56) (1995) (state did not carry its burden of showing lawfulness of search and seizure, where police entered hotel room where defendant was living to arrest him on an outstanding warrant but state failed to produce the warrant at the hearing on defendant's motion to suppress).

[4] *Rose v. State*, 263 Ga. App. 263, 264 (1) (b) (587 SE2d 326) (2003) (punctuation and footnote omitted).

[5] 249 Ga. 865 (294 SE2d 482) (1982).

error, because the conduct and motives of the police officers were not relevant to the issues on trial and because the evidence had been introduced for the purpose of establishing the truth of the fact that the defendant had committed the prior rape. But because the defendant was acquitted of the charges to which the hearsay evidence related, the Court found it highly probable that the error in admission of the evidence did not contribute to the verdict.

In *Teague v. State*,[6] the investigating officer was allowed to provide hearsay evidence of the defendant's guilt for the purpose of explaining his continuation of the investigation. Our Supreme Court found *Teague* factually indistinguishable from *Momon* and announced

> that only in rare instances will the "conduct" of an investigating officer need to be "explained," as in practically every case, the motive, intent, or state of mind of such an officer will not be "matters concerning which the truth must be found." At heart, a criminal prosecution is designed to find the truth of what a defendant did, and, on occasion, of why he did it. It is most unusual that a prosecution will properly concern itself with *why* an investigating officer did something.[7]

Because the hearsay evidence was cumulative, however, the Court again found it highly probable that its admission did not contribute to the verdict.[8]

Even after *Teague*, a three-judge panel of this court held in *Hagood v. State*[9] that an investigating officer's testimony that he arrested the defendant while responding to an anonymous call regarding possible drug dealing was admissible to establish the events leading to, and circumstances surrounding, the defendant's arrest.

In *Weems v. State*,[10] however, our Supreme Court subsequently made clear that under *Momon* police conduct does not

> become an issue in need of explanation by means of hearsay testimony in a case where an appellate court suggests that the jury may find police behavior so inexplicable as to cast doubt on the prosecution or where a confidential informant has provided information which initiates an investigation.[11]

---

[6] 252 Ga. 534 (314 SE2d 910) (1984).
[7] Id. at 536 (1) (emphasis in original).
[8] Id. at 537 (2).
[9] 228 Ga. App. 693 (1) (492 SE2d 606) (1997).
[10] 269 Ga. 577 (501 SE2d 806) (1998).
[11] Id. at 579 (2) (citations omitted).

*Weems* was a murder case in which the investigating detective testified that a police canvass of the area in which the murder had taken place resulted in police identifying the defendant as a possible suspect. The Court ultimately concluded that

> [w]hile it was error to admit the detective's testimony concerning the results of the police canvassing the neighborhood, that error cannot be deemed harmful as it is highly probable that the testimony did not contribute to the verdict, in light of the eyewitness identification of appellant as the shooter.[12]

Notwithstanding *Weems*, a five-judge majority of this court held in *Brown v. State*[13] that the content of a citizen's tip of a described individual selling drugs at a specified location was admissible to explain an officer's conduct in going to that location and detaining the defendant. Our Supreme Court, however, granted certiorari and reversed.[14] Citing *Weems*, the Court held that the investigating officer's testimony that he arrested defendant while responding to an anonymous call regarding drug dealing should not have been admitted to explain the officer's conduct.[15] Whether admission of the hearsay testimony was reversible error was not reached.[16]

In *Zachery v. State*,[17] we later found it highly probable that the trial court's error in admitting the arresting officer's hearsay testimony about information provided by a confidential informant did not contribute to the verdict as it only concerned the drug trade in the county and not the defendant's role in it.

Here, as in *Hagood*, the circumstances of the defendant's arrest would have been virtually inexplicable without the investigating officer's testimony that he arrested the defendant while conducting a drug sweep. *Weems* nonetheless holds that police conduct is not an issue explainable by means of hearsay testimony under these circumstances. *Weems* does not, however, hold that in a case such as this the defendant's arrest cannot be further explained through nonhearsay evidence, i.e., testimony that the investigating officer arrested the defendant while conducting a drug sweep in a high drug crime area.[18] And since as in *Zachery* and *Hagood* — unlike *Momon, Teague,*

---

[12] Id. (citation omitted).
[13] 245 Ga. App. 149 (1) (537 SE2d 421) (2000).
[14] *Brown v. State*, 274 Ga. 31 (549 SE2d 107) (2001).
[15] Id. at 36 (2).
[16] Id. at 37.
[17] 276 Ga. App. 688, 690 (2) (624 SE2d 265) (2005).
[18] See *Ransom v. State*, 239 Ga. App. 501 (521 SE2d 430) (1999).

*Weems*, and *Brown* — the hearsay testimony in this case concerned narcotics activity in the area and not Fortson's role in it, it is highly probable that the trial court's error in admission of the testimony did not contribute to the verdict.

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED DECEMBER 20, 2006.

*Zell & Zell, Rodney S. Zell*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.