**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**April 3, 2013**

# In the Court of Appeals of Georgia

A13A0280. THOMAS v. THE STATE.                                    JE-013C

ELLINGTON, Chief Judge.

A Fulton County jury found Joe Thomas guilty of possession of cocaine with the intent to distribute, OCGA § 16-13-30 (b), and the trial court sentenced him to ten years in prison without parole pursuant to OCGA § 17-10-7 (c). Thomas appeals from the denial of his motion for a new trial, contending that the evidence was insufficient to support his conviction, that the trial court erred in admitting expert testimony, and that the trial court erred in concluding that it lacked discretion to probate or suspend any portion of his sentence. Finding no error, we affirm.

1. Thomas contends that the evidence was insufficient to "sustain a conviction for anything more than simple possession of cocaine."

Viewed in the light most favorable to the jury's verdict,[1] the evidence shows that, near midnight on October 13, 2010, a narcotics officer responded to an anonymous tip concerning suspicious activity outside a home in Fulton County. The officer testified that the house was located in a "high drug [crime] area" and that he had made several drug arrests within a few blocks of it. When the officer arrived at the address, he saw Thomas on the porch of the house and two other men near the street. Thomas did not live in the house. When the officer asked Thomas what he was doing there, he said that he was "looking for girls." The officer asked Thomas for consent to search his person, and Thomas gave it. The officer found a plastic box concealed in the lining of Thomas' jacket. The box contained 12 small plastic bags containing individual "hits" of crack cocaine. The officer testified that, in his experience as a narcotics officer, the amount of crack cocaine found on Thomas and the way it was packaged was more consistent with drugs sales than with individual drug use. The way Thomas concealed the box was also typical of street level drug dealers. Moreover, Thomas did not have on his person any device for smoking crack cocaine.

> Although the State is required to show more than mere possession to prove that [the defendant] intended to distribute the cocaine, no bright

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

2

line rule exists regarding the amount or type of evidence sufficient to support a conviction for possession with intent to distribute. Rather, the State may show intent to distribute in many ways, including expert testimony that the amount of contraband possessed was inconsistent with personal use, evidence showing the manner of packaging, and the possession of certain amounts or denominations of currency. The issue of intent is peculiarly a question of fact for jury determination.

(Footnotes and punctuation omitted.) *Barber v. State*, 317 Ga. App. 600, 605 (3) (732 SE2d 125) (2012). In this case, the jury could infer from the officer's expert opinion testimony that Thomas possessed the cocaine with the intent to distribute it given the way Thomas concealed the drugs, the way the drugs were packaged for street sale, the amount of drugs on Thomas' person, and the fact that Thomas lacked a device for using the drugs. Moreover, the jury could infer that Thomas was selling drugs given that a citizen alerted the police to suspicious activity at the address where Thomas was found, and because Thomas was lingering around a house that was not his, late at night, in a high drug-sales area, without a credible explanation. Based upon this evidence, the jury was authorized to find that Thomas possessed the cocaine with the intent to distribute it beyond a reasonable doubt. See, e.g., *Horne v. State*, 318 Ga. App. 484, 487 (1) (733 SE2d 487) (2012) (An officer's opinion that the amount of cocaine in defendant's possession was greater than that normally kept for personal use and was separately packaged for distribution authorized the jury to find that the

defendant possessed the cocaine with intent to distribute.); *Burse v. State*, 232 Ga. App. 729, 730 (1) (503 SE2d 638) (1998) (accord).

2. Thomas contends that the trial court erred in allowing the arresting officer to testify as an expert witness on the issue of Thomas' intent to distribute crack cocaine.

> An expert witness is anyone who, through training, education, skill, or experience, has particular knowledge that the average juror would not possess concerning questions of science, skill, trade, or the like. An expert witness may render an opinion within his area of expertise after the proper qualifications have been proven to the trial court.

(Footnotes omitted.) *Fielding v. State*, 278 Ga. 309, 311 (3) (602 SE2d 597) (2004). The sale and use of street level drugs is a topic beyond the ken of an average juror. See *Vaughan v. State*, 251 Ga. App. 221, 223 (1) (b) (553 SE2d 335) (2001). Further, "[i]t is a matter within the sound discretion of the trial judge as to whether a witness has such learning and experience in a particular art, science or profession as to entitle him to be deemed prima facie an expert." (Punctuation and footnote omitted.) *Yount v. State*, 249 Ga. App. 563, 564-565 (1) (548 SE2d 674) (2001).

The trial court permitted the officer to testify as an expert after hearing the following evidence of the officer's qualifications: he had over 900 hours of specialized training as a narcotics officer, he was familiar with how crack cocaine

was typically packaged and sold, and he had made numerous drug-related arrests, at least 50 of which involved crack cocaine. Further, the officer's testimony was relevant to the issue of whether Thomas possessed the cocaine with the intent to distribute it and within the scope of the officer's expertise. Consequently, we find no abuse of discretion in the trial court's admission of the officer's expert testimony. See *Vaughan v. State*, 251 Ga. App. at 223 (1) (b).

3. Thomas contends that the trial court erred in concluding that it lacked the discretion to suspend or probate any portion of Thomas' mandatory ten-year minimum sentence.

At sentencing, the State presented evidence that Thomas had three prior felony convictions, including one for possession of cocaine with the intent to distribute. In such cases, we have held that OCGA § 17-10-7 (c)[2] requires the court to impose a

---

[2] OCGA § 17-10-7 (c) provides, in relevant part, that

> any person who, after having been convicted under the laws of this state for three felonies or having been convicted under the laws of any other state or of the United States of three crimes which if committed within this state would be felonies, commits a felony within this state shall, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

mandatory minimum ten-year sentence, no part of which may be probated. *Fortson v. State*, 283 Ga. App. 120, 121 (1) (640 SE2d 693) (2006) ("Because [the defendant] had three prior felony convictions, the operative sentencing provision was OCGA § 17-10-7 (c)[.]") (footnote omitted); *State v. Jones*, 265 Ga. App. 493, 494 (2) (594 SE2d 706) (2004) (The plain language of OCGA § 16-13-30 (d) provides that a defendant must serve at least ten years in prison. OCGA § 17-10-7 (c), which applies to a second offense under OCGA § 16-13-30 (b), requires that the time be served without parole.). We find no error.

*Judgment affirmed. Phipps, P. J., and Branch, J., concur.*