**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**February 8, 2021**

# In the Court of Appeals of Georgia

A20A1806. THE STATE v. LANGLEY.

MARKLE, Judge.

In this case, we must determine whether the trial court may probate a sentence imposed under OCGA § 16-11-131 (b), which makes it unlawful for a person on probation to possess a firearm. The trial court concluded that it had the discretion to probate a portion of the sentence, and the State appealed.[1] After considering the relevant statutory language, we conclude that the trial court lacked the discretion to impose the probated sentence. Accordingly, we vacate the sentence, and remand the case for resentencing.

The facts are undisputed. In 1987, Dennis Mark Langley was convicted of murder. Following his release from incarceration, he began his term of probation. In

---

[1] See OCGA §§ 5-6-38 (a); 5-7-1 (a) (6).

2019, the department of community supervision conducted a search of his home, as permitted by the terms of his probation, and discovered several firearms. As a result, Langley was charged with possession of a firearm by a convicted felon, in violation of OCGA § 16-11-131 (b). He pled guilty, and the trial court sentenced him to ten years, to serve six months in prison with the remainder on probation. The State now appeals, arguing that Langley's sentence is void because the trial court lacked the discretion to impose a probated sentence under the plain language of the sentencing statute. We agree.

"The interpretation of a statute is, of course, a question of law, which is reviewed de novo on appeal. Indeed, when only a question of law is at issue, as here, we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review." (Citations and punctuation omitted.) *Mays v. State*, 345 Ga. App. 562, 563 (814 SE2d 418) (2018).

Where the trial court imposes a sentence the law does not allow, that sentence is void. *Wilder v. State*, 343 Ga. App. 110, 112 (806 SE2d 200) (2017). In determining whether the statutory language vested the trial court with the discretion to impose a probated sentence, we turn to the rules of statutory construction.

When interpreting any statute, we necessarily begin our analysis with familiar and binding canons of construction. In considering the meaning of a statute, our charge as an appellate court is to presume that the General Assembly meant what it said and said what it meant. Toward that end, we must afford the statutory text its plain and ordinary meaning, consider the text contextually, read the text in its most natural and reasonable way, as an ordinary speaker of the English language would, and seek to avoid a construction that makes some language mere surplusage. Further, when the language of a statute is plain and susceptible to only one natural and reasonable construction, courts must construe the statute accordingly.

(Citations and punctuation omitted.) *Mays*, 345 Ga. App. at 564; see also *Major v. State*, 301 Ga. 147, 150 (1) (800 SE2d 348) (2017).

Here, Langley was convicted of possession of a firearm by a convicted felon, in violation of OCGA § 16-11-131 (b). That statute provides, in relevant part, that "if the felony for which the person is on probation or has been previously convicted is a forcible felony, then upon conviction of receiving, possessing, or transporting a firearm, such person *shall be imprisoned for a period of five years*." (Emphasis supplied.). The term "forcible felony" includes Langley's prior conviction for murder. OCGA § 16-11-131 (e). Nevertheless,

3

trial courts generally have the discretion to fashion sentences that fit the crimes for which the defendant is convicted, so long as the sentences fall within the statutory ranges. It is, however, within the power of the legislature to direct the punishment to be prescribed for second offenders and to leave no discretion to the trial judge.

(Citations and punctuation omitted.) *Blackwell v. State*, 302 Ga. 820, 828 (4) (809 SE2d 727) (2018); see also OCGA § 17-10-1 (a) (1) (A) (2018) ("The judge imposing the sentence is granted power and authority to suspend or probate all or any part of the entire sentence under such rules and regulations as the judge deems proper[.]").

To resolve the issue before us in this appeal, we therefore must determine whether the specific provision of OCGA § 16-11-131 (b) abrogates the trial court's general discretion under § 17-10-1 (a) (1) (A) to impose a probated sentence. Because we are faced with the interplay of these two statutes, we note that statutory interpretation principles require that a specific statute control over a general statute unless there is a contrary legislative intent. *State v. Jones*, 265 Ga. App. 493, 494 (2) (594 SE2d 706) (2004).

The legislative intent here is unambiguous given the plain language of OCGA § 16-11-131 (b), and thus, that specific statute prevails over OCGA § 17-10-1. Here, our search for the legislature's intent is short: the plain language of the statute

requires the trial court to impose a term of imprisonment "for a period of five years," and its use of the term "shall" mandates that the defendant serve all of that term in prison. OCGA § 16-11-131 (b); *Jones*, 265 Ga. App. at 494 (2) (the statutory language "shall be imprisoned for not less than ten years" meant that the trial court lacked discretion to probate a portion of the ten-year sentence). The trial court's imposition of a probated sentence directly contravened the legislature's intent as set forth in the plain language of the statute. Id. Thus, the trial court lacked the discretion to impose the sentence that it did because the sentence was void. Accordingly, we must vacate the sentence and remand the case for resentencing.

*Judgment vacated and case remanded with direction. Reese, P. J., and Colvin, J., concur.*