## A98A1480. FULLER v. THE STATE.
(504 SE2d 62)

ANDREWS, Chief Judge.

Harold D. Fuller appeals from the trial court's refusal to vacate the recidivist portion of the sentence he received after entering a guilty plea.

In a single indictment, Fuller was charged with thirty counts of burglary, one count of aggravated assault, and seven counts of misdemeanor traffic offenses. Prior to trial, he entered a negotiated guilty plea to twenty-nine counts of theft by taking, one count of burglary, and one count of obstruction of an officer. Pursuant to the negotiated plea, he was sentenced on December 20, 1996, to confinement for a total of 40 years with no eligibility for parole under the recidivist provisions of OCGA § 17-10-7 (c).

After the sentence was entered, Fuller moved for the trial court to vacate the portion of the sentence that applied the recidivist provisions of OCGA § 17-10-7 (c) and rendered him ineligible for parole. After a hearing, the trial court denied the motion and rejected Fuller's contention that the State failed to give him adequate advance notice of the prior felony convictions it relied upon for recidivist sentencing purposes.

We need not address Fuller's notice argument. Because the evidence produced by the State failed to show that the recidivist provisions of OCGA § 17-10-7 (c) were applicable to Fuller, the recidivist portion of the sentence is void and must be vacated.

The applicable recidivist provisions of subsection (c) of OCGA § 17-10-7 provide that: "[A]ny person who, after having been convicted under the laws of this state for three felonies or having been convicted under the laws of any other state or of the United States of three crimes which if committed within this state would be felonies, commits a felony within this state other than a capital felony must, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served." Subsection (d) of OCGA § 17-10-7 further provides that: "For the purpose of this Code section, conviction of two or more crimes charged on separate counts of one indictment or accusation, or in two or more indictments or accusa-

tions consolidated for trial, shall be deemed to be only one conviction."

As proof that Fuller was subject to recidivist sentencing under these provisions, the State submitted certified copies of records showing Fuller's prior felony convictions. These records show the following: Fuller was convicted on April 20, 1983, for the felony offense of criminal attempt to commit financial transaction card fraud. The certified records show that this conviction was part of a negotiated plea in which a nolle prosequi order was entered on a pending charge of burglary. The remaining certified records show that on March 13, 1985, Fuller was convicted and sentenced as a result of a negotiated plea on the following felonies: four counts of burglary, one count of aggravated assault, and one count of possession of a firearm by a convicted felon. However, the records show that all six felonies for which Fuller was convicted on March 13, 1985, were for crimes charged on separate counts of the same indictment.

Under the provisions of subsection (d) of OCGA § 17-10-7, Fuller's April 20, 1983 conviction counted as one prior felony conviction, and Fuller's six March 13, 1985 convictions on separate counts under the same indictment counted as one prior felony conviction. Of course, the current felony counts on which Fuller entered a plea of guilty and was sentenced on December 20, 1996, cannot be counted as a prior felony conviction for purposes of recidivist sentencing. Since the State failed to prove that Fuller had three prior felony convictions as measured by the terms of OCGA § 17-10-7 (d), the recidivist provisions of OCGA § 17-10-7 (c) did not apply. Accordingly, the portion of Fuller's sentence indicating that he was sentenced under the recidivist provisions of § 17-10-7 (c) and that he is ineligible for parole is void and must be vacated. The remaining portion of the sentence is affirmed. The case is remanded for resentencing in accordance with this opinion.

*Sentence affirmed in part, vacated in part, and case remanded for resentencing. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 1, 1998.

*Huguenin, Annis & Lewis, John M. B. Lewis IV, Lawrence D. Galehouse,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.