313 Ga. 141
FINAL COPY

S21G0783.  LANGLEY v. THE STATE.

BOGGS, Presiding Justice.

We granted certiorari in this case to decide whether the Court of Appeals erred in holding that trial courts lack the discretion to probate any portion of a sentence imposed for possession of a firearm by a convicted felon. See *State v. Langley*, 358 Ga. App. 343, 345 (855 SE2d 376) (2021). We conclude that the Court of Appeals did err, and we therefore reverse its judgment.

1.     In 1987, Dennis Mark Langley was convicted of murder and sentenced to serve life in prison. He was later released on parole. On July 26, 2019, a search of Langley's home revealed a semi-automatic pistol with a loaded magazine hanging on a wall in his living room and two rifles in his bedroom closet.

Langley was charged by accusation with one count of possession of a firearm by a convicted felon in violation of OCGA

§ 16-11-131 (b).[1] The accusation specified that he had previously been convicted of a forcible felony, murder. Langley pled guilty, and the trial court sentenced him to a term of imprisonment with the first six months to be served in confinement and the remainder to be served on probation. The State filed a timely notice of appeal directed to the Court of Appeals, arguing that the trial court lacked the authority to impose a probated sentence and that the sentence

---

[1] OCGA § 16-11-131 (b) says:

> Any person who is on probation as a felony first offender pursuant to Article 3 of Chapter 8 of Title 42, who is on probation and was sentenced for a felony under subsection (a) or (c) of Code Section 16-13-2, or who has been convicted of a felony by a court of this state or any other state; by a court of the United States including its territories, possessions, and dominions; or by a court of any foreign nation and who receives, possesses, or transports any firearm commits a felony and, upon conviction thereof, shall be imprisoned for not less than one year nor more than ten years; provided, however, that upon a second or subsequent conviction, such person shall be imprisoned for not less than five nor more than ten years; provided, further, that if the felony for which the person is on probation or has been previously convicted is a forcible felony, then upon conviction of receiving, possessing, or transporting a firearm, such person shall be imprisoned for a period of five years.

The term "forcible felony" is defined in the statute and specifically includes "murder." OCGA § 16-11-131 (e).

was therefore void. See OCGA § 5-7-1 (a) (6) (authorizing appeal by State in criminal case where trial court's order is void).

The Court of Appeals acknowledged "the trial court's general discretion under OCGA § 17-10-1 (a) (1) (A) to impose a probated sentence" but concluded that the specific and mandatory phrase "shall be imprisoned" in OCGA § 16-11-131 (b) prevailed over the general grant of authority to "probate all or any part" of a determinate sentence contained in OCGA § 17-10-1 (a) (1) (A).[2]

---

[2] OCGA § 17-10-1 (a) (1) (A) says:

Except in cases in which life imprisonment, life without parole, or the death penalty may be imposed, upon a verdict or plea of guilty in any case involving a misdemeanor or felony, and after a presentence hearing, the judge fixing the sentence shall prescribe a determinate sentence for a specific number of months or years which shall be within the minimum and maximum sentences prescribed by law as the punishment for the crime. The judge imposing the sentence is granted power and authority to suspend or probate all or any part of the entire sentence under such rules and regulations as the judge deems proper, including service of a probated sentence in the sentencing options system, as provided by Article 6 of Chapter 3 of Title 42, and including the authority to revoke the suspension or probation when the defendant has violated any of the rules and regulations prescribed by the court, even before the probationary period has begun, subject to the conditions set out in this subsection; provided, however, that such action shall be subject to the provisions of Code Sections 17-10-6.1 and 17-10-6.2.

3

*Langley*, 358 Ga. App. at 345. The Court of Appeals relied in part on *State v. Jones*, 265 Ga. App. 493 (594 SE2d 706) (2004), which held that the phrase "shall be imprisoned for not less than ten years" in OCGA § 16-13-30 (d), a recidivist provision applicable to certain drug offenses, precluded a trial court from probating any part of the first ten years of the defendant's sentence for his second conviction for possession of cocaine with intent to distribute.[3] See *Jones*, 265 Ga. App. at 495. The Court of Appeals vacated Langley's sentence and remanded the case to the trial court for resentencing. See *Langley*, 358 Ga. App. at 345. We granted Langley's petition for certiorari.

2. Langley contends that the Court of Appeals erred in

---

[3] OCGA § 16-13-30 (d) says:

Except as otherwise provided, any person who violates subsection (b) of this Code section with respect to a controlled substance in Schedule I or Schedule II shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than five years nor more than 30 years. Upon conviction of a second or subsequent offense, he or she shall be imprisoned for not less than ten years nor more than 40 years or life imprisonment. The provisions of subsection (a) of Code Section 17-10-7 shall not apply to a sentence imposed for a second such offense; provided, however, that the remaining provisions of Code Section 17-10-7 shall apply for any subsequent offense.

4

construing the phrase "shall be imprisoned" in OCGA § 16-11-131 (b) to deprive the trial court of discretion to impose a probated sentence pursuant to OCGA § 17-10-1 (a) (1) (A). We agree.

In interpreting statutes, we "presume that the General Assembly meant what it said and said what it meant." *Deal v. Coleman*, 294 Ga. 170, 172 (751 SE2d 337) (2013) (citation and punctuation omitted).

> [A]nd so, we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would. The common and customary usages of the words are important, but so is their context. For context, we may look to other provisions of the same statute, the structure and history of the whole statute, and the other law — constitutional, statutory, and common law alike — that forms the legal background of the statutory provision in question.

*Zaldivar v. Prickett*, 297 Ga. 589, 591 (774 SE2d 688) (2015) (citations and punctuation omitted). Moreover, "[a]ll statutes relating to the same subject matter are to be construed together, and harmonized wherever possible." *Hartley v. Agnes Scott College*, 295 Ga. 458, 462 (759 SE2d 857) (2014) (citation and punctuation omitted). Thus, "[w]e construe statutes in connection and in

5

harmony with the existing law, and as a part of a general and uniform system of jurisprudence." *In the Interest of M. D. H.*, 300 Ga. 46, 53 (793 SE2d 49) (2016) (citation and punctuation omitted).

Looking to the statutory text and context, there is no real question about what the phrase "shall be imprisoned" — standing alone — means in a penal statute. In ordinary English, the phrase "shall be imprisoned" means that a person convicted of an offense is to be "confined" for the period specified by the statute. See, e.g., Webster's Third New International Dictionary 1137 (1966) (defining "imprison" to mean "to put in prison" or "confine in a jail"). The question in this case is how a statute containing that phrase interacts with OCGA § 17-10-1 (a) (1) (A), which says that upon conviction, the trial court shall impose a "determinate sentence for a specific number of months or years" that is within the sentencing range "prescribed by law as the punishment for the crime" but then adds that "[t]he judge imposing the sentence is granted power and authority to suspend or probate all or any part of the entire sentence[.]" According to the State, the answer is simple: if the

6

penal statute uses the phrase "shall be imprisoned," probation is never allowed, because the sentence must be served in confinement.

In light of the statutory text and context, that cannot be correct. To see why, it is helpful to take a broader look at how Georgia's penal statutes in general prescribe sentences. That wider review reveals that virtually all penal statutes in Georgia introduce the sentencing range for a violation with one of two phrases: either "shall be imprisoned," see, e.g., OCGA §§ 13-9-3 (b) (entering into contract for sale of commodities without bona fide intention to deliver), 16-9-58 (fraudulent failure to pay for delivered agricultural products or chattels), 16-11-126 (i) (2) (second or subsequent conviction for carrying a weapon without a valid weapons carry license), 16-12-1 (d) (1) (contributing to the delinquency or deprivation of a minor); or, more commonly, "shall be punished by imprisonment," see, e.g., OCGA §§ 10-4-78 (making false affidavit as to adverse lien, title, or claim to cotton), 16-9-57 (d) (soliciting donations as representative of peace officer or fire service organization without authority), 16-11-123 (knowing possession of

7

sawed-off shotgun or rifle, machine gun, dangerous weapon, or silencer), 16-12-4 (e) (aggravated cruelty to animals). Despite the slight difference in wording, both phrases mean the same thing. In ordinary English, "imprisonment" means "the state of being imprisoned" or "confinement." Webster's Third New International Dictionary 1137 (1966). And a person who is "imprisoned" for violating a penal statute is undoubtedly being punished. Thus, the problem with the State's argument is that it would essentially nullify the availability of probation in Georgia, making the part of OCGA § 17-10-1 (a) (1) (A) that authorizes trial courts to probate sentences a virtual dead letter. See *State v. Hudson*, 303 Ga. 348, 352 (812 SE2d 270) (2018) ("Harmonizing statutes means giving effect to each of them.").

Given this context, we conclude that both phrases — "shall be imprisoned" and "shall be punished by imprisonment" — function as terms of art in Georgia sentencing law, and both serve to introduce the sentencing range of time in prison that a penal statute prescribes as punishment for a violation. Pursuant to OCGA § 17-

8

10-1 (a) (1) (A), upon conviction, the trial court must impose a sentence for a specific number of years, months, or days in prison within that sentencing range, and the judge imposing the sentence is then authorized to probate all or any part of the sentence, unless such probation is expressly forbidden. See *Hwang v. State*, 293 Ga. App. 815, 815-816 (668 SE2d 325) (2008) (rejecting argument that trial court lacked authority to probate first ten days of sentence because statute said that upon second or third conviction within five years, the defendant "'shall be punished by imprisonment for not less than ten days nor more than 12 months'" (citation omitted)). In effect, probation is superimposed on the system of prison sentences prescribed in individual criminal statutes.

This view is informed by the history of probation in Georgia, which provides further context for our interpretation. The General Assembly has long used the synonymous phrases "shall be imprisoned" and "shall be punished by imprisonment" to prescribe terms of incarceration for criminal offenses. See Ga. L. 1816, p. 142, at 164, 174, 186, 190 (all "shall be imprisoned"), 151, 153-154, 159,

162-163, 166-169, 175 (all "shall be punished by imprisonment"). It was not until much later that the General Assembly authorized trial courts to probate criminal sentences. See Ga. L. 1913, p. 112, § 1 (authorizing probation of misdemeanor sentences); Ga. L. 1937, p. 326, § 3 (authorizing probation of felony sentences except for crimes "punishable by death or life imprisonment"). The statutes that first authorized probation made no distinction between sentencing ranges introduced by the phrase "shall be imprisoned" and those introduced by the phrase "shall be punished by imprisonment." OCGA § 17-10-1 (a) (1) (A), which is descended from these earlier probation statutes, similarly makes no such distinction. Thus, in 1980, when the General Assembly enacted the statute that is now codified as OCGA § 16-11-131, see Ga. L. 1980, p. 1509, § 1, there was no reason to conclude that the statute's use of the phrase "shall be imprisoned" rather than "shall be punished by imprisonment"

would preclude trial courts from imposing probated sentences for violations of that statute.[4]

This view of how probation operates in the context of criminal sentencing is further reinforced by the exceptions expressly recognized in OCGA § 17-10-1 (a) (1) (A) and in other penal statutes that contain language expressly prohibiting probation. OCGA § 17-10-1 (a) (1) (A) excludes "cases in which life imprisonment, life without parole, or the death penalty may be imposed" and also makes the power to probate sentences "subject to the provisions of Code Sections 17-10-6.1 and 17-10-6.2[,]" which limit the availability of probation for serious violent felonies and sexual offenses. In addition, some penal statutes include language expressly prohibiting probation for all or some part of a sentence. See, e.g., OCGA §§ 16-6-13 (a) (1) (upon conviction for keeping a place of prostitution, "all but 24 hours of any term of imprisonment imposed

---

[4] Indeed, in 1963, this Court noted in passing that a trial court imposed a probated sentence of two years for a violation of a statute that said that upon conviction, an offender "'*shall be imprisoned* in the penitentiary for not less than one year nor more than five years.'" *Coffee v. State*, 219 Ga. 328, 329-330 (133 SE2d 590) (1963) (citation omitted; emphasis added).

may be suspended, stayed, or probated"), (b) (3) (sentence for second or subsequent conviction for keeping a place of prostitution, pimping, or pandering that involves the conduct of a minor "shall not be suspended, probated, deferred, or withheld"), 16-7-1 (d) (sentence for fourth or subsequent conviction for burglary in any degree "shall not be suspended, probated, deferred, or withheld"), 16-7-88 (c) (upon conviction for illegal possession, transportation, receipt, or use of a destructive device or explosive, "no part of any sentence imposed . . . shall be probated, deferred, suspended, or withheld"). If a penal statute's use of "shall be imprisoned" or "shall be punished by imprisonment," standing alone, were sufficient to deprive trial courts of their discretion to impose probated sentences under OCGA § 17-10-1 (a) (1) (A), statutory language expressly prohibiting probation would be mere surplusage. See *Kinslow v. State*, 311 Ga. 768, 774 (860 SE2d 444) (2021) (explaining that when construing statutes, we normally avoid interpretations that render some statutory language "mere surplusage" (citation and punctuation omitted)).

The Court of Appeals reached a contrary conclusion here based in part on the statement in Division 2 of *Jones* that

> the decision to probate a portion of the sentence [for Jones' second conviction for possession of cocaine with intent to distribute], requiring Jones to serve only seven years, is in direct contravention to the statute, which states specifically that a second time offender "shall be imprisoned for not less than ten years. . . ."

*Jones*, 265 Ga. App. at 495 (quoting OCGA § 16-13-30 (d)). See *Langley*, 358 Ga. App. at 345 (citing *Jones*). However, the trial court in *Jones* lacked the authority to probate *any* part of Jones' sentence, not just the first ten years of the sentence, but not because OCGA § 16-13-30 (d) introduced the sentencing range for a second or subsequent conviction with the phrase "shall be imprisoned." Instead, it was the final sentence of OCGA § 16-13-30 (d), which has remained the same since 1996, see Ga. L. 1996, p. 1023, § 1.1, that prohibited the trial court in *Jones* from imposing a probated sentence.

The final sentence of OCGA § 16-13-30 (d) says:

> The provisions of subsection (a) of Code Section 17-10-7 shall not apply to a sentence imposed for a second such

13

offense; provided, however, that the remaining provisions of Code Section 17-10-7 shall apply for any subsequent offense.[5]

OCGA § 17-10-7 (a) requires that a person previously convicted of a felony who is convicted of another felony must be sentenced to undergo "the longest period of time prescribed for the punishment of the subsequent offense" but specifies that "*unless otherwise provided by law*, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense." (Emphasis added.)[6] Thus, while OCGA § 17-10-7 (a) generally preserves the authority of trial courts under OCGA § 17-10-1 (a) (1)

---

[5] OCGA § 17-10-7 (a) says:

> Except as otherwise provided in subsection (b) or (b.1) of this Code section, any person who, after having been convicted of a felony offense in this state or having been convicted under the laws of any other state or of the United States of a crime which if committed within this state would be a felony and sentenced to confinement in a penal institution, commits a felony punishable by confinement in a penal institution shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.

[6] The quoted language has appeared in OCGA § 17-10-7 (a) in essentially the same form since 1984. See Ga. L. 1984, p. 760, § 2.

14

(A) to probate all or any part of a sentence for a second or subsequent felony conviction, OCGA § 16-13-30 (d) provided otherwise for Jones' second conviction for possession of cocaine with intent to distribute by specifying that "[t]he provisions of subsection (a) of Code Section 17-10-7 shall not apply to a sentence imposed for a second such offense[.]" To the extent that Division 2 of *Jones* can be read as holding that the introduction of a sentencing range with the phrase "shall be imprisoned," standing alone, deprives trial courts of discretion to impose a probated sentence under OCGA § 17-10-1 (a) (1) (A), it is disapproved.[7]

For the foregoing reasons, we conclude that the Court of Appeals erred in holding that trial courts lack the discretion to probate any portion of a sentence imposed for possession of a firearm by a convicted felon. Accordingly, we reverse the Court of Appeals' judgment.

---

[7] We also disapprove *Fortson v. State*, 283 Ga. App. 120, 121 & n.1 (640 SE2d 693) (2006), *Mike v. State*, 290 Ga. App. 214, 214 (659 SE2d 664) (2008), and *Thomas v. State*, 321 Ga. App. 214, 217 (741 SE2d 298) (2013), to the extent that they rely on this reading of Division 2 of *Jones*.

15

*Judgment reversed. All the Justices concur, except Colvin, J., disqualified.*

Decided February 1, 2022.

Certiorari to the Court of Appeals of Georgia — 358 Ga. App. 343.

*Jared B. Craig; The Bullard Firm, Brandon A. Bullard*, for appellant.

*John H. Cranford, Jr., District Attorney, Christine D. Caldwell, Robert W. Mooradian, Assistant District Attorneys*, for appellee.