**FIRST DIVISION**
**BARNES, P. J.,**
**PIPKIN and LAND, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

June 20, 2023

# In the Court of Appeals of Georgia

A23A0139. STATE v. SAPP.

LAND, Judge.

James Joseph Sapp was indicted in Effingham County Superior Court on two counts of child molestation, two counts of cruelty to children in the first degree, two counts of terroristic threats, and one count of aggravated sexual battery. After the State filed notice of its intent to introduce Sapp's prior guilty plea from 1994 to one count of statutory rape, Sapp filed a motion in limine to exclude the 1994 conviction. The State appeals from the trial court's grant of the motion in limine. Sapp filed a motion to dismiss the appeal pursuant to OCGA § 5-7-1 (a) (5) because the trial court did not rule upon the State's motion until after a jury was impaneled. For the following reasons, we grant Sapp's motion to dismiss the appeal.

On May 22, 2022, the State filed a notice of its intention to introduce prior acts of Sapp pursuant to OCGA § 24-4-414. These acts included Sapp's 1994 conviction for statutory rape, other acts of grooming surrounding the indictment, and Sapp's sexual acts with the mother of one of the victims in 2001 when she was 13 years old. The State's notice requested a hearing on this motion. Sapp then filed a motion in limine to exclude the 1994 statutory rape conviction. On July 6, 2022, the State amended its notice to include its intent to introduce these same acts under OCGA § 24-4-413 and 24-4-404 (b). That same day, the trial court held a hearing on the evidentiary motions.

Before ruling on these pending motions, the trial court proceeded with jury selection on June 9, 2022. Despite selecting a jury in June, the trial was not scheduled to begin until August 15, 2022. After hearing argument on the pending motions on July 6, 2022 , the trial court entered an order on July 19, 2022 excluding Sapp's 1994 conviction under OCGA § 24-4-414 and OCGA § 24-4-403.[1] The State appealed, and Sapp moved to dismiss the appeal pursuant to OCGA § 5-7-1 (a) (5) .

---

[1] The trial court's order on appeal does not exclude other evidence sought to be introduced by the State, including the evidence of grooming and sexual acts conducted with the victim's mother.

Sapp argues that the State's appeal must be dismissed pursuant to OCGA § 5-7-1 (a) (5) since the trial court's ruling exclusion of the 1994 conviction occurred *after* the jury was impaneled. We agree.

OCGA § 5-7-1 (a) "establishes the universe of appeals the State is permitted to seek in criminal cases, and thus appellate courts do not have jurisdiction to entertain an appeal by the State in a criminal case that falls outside the ambit of that provision." (Citation and punctuation omitted.) *Arroyo v. State*, 315 Ga. 582, 583 (883 SE2d 781) (2023). Accord *Wheeler v. State*, 310 Ga. 72, 73 (849 SE2d 401) (2020) ("the timing and certification requirements set forth in OCGA § 5-7-1 (a) (5) are jurisdictional"); *State v. Petty*, 362 Ga. App. 825, 827-828 (870 SE2d 241) (2022) ("If the State attempts an appeal outside the ambit of OCGA § 5-7-1 (a), the appellate courts do not have jurisdiction to entertain it") (citation and punctuation omitted). This Court construes appeals by the State in criminal cases "strictly against the State and the State may not appeal *any* issue in a criminal case, whether by direct or discretionary application, unless that issue is listed in OCGA § 5-7-1." (Citations omitted.) *State v. Cash*, 298 Ga. 90, 91 (1) (779 SE2d 603) (2015).

As relevant here, subsection (a) (5) of OCGA § 5-7-1 provides:

(a) An appeal may be taken by and on behalf of the State of Georgia from the superior courts, state courts, and juvenile courts and such other courts from which a direct appeal is authorized to the Court of Appeals or the Supreme Court in criminal cases and adjudication of delinquency cases in the following instances: . . . (5) From an order, decision, or judgment excluding any other evidence to be used by the [S]tate at trial on any motion filed by the [S]tate or defendant at least 30 days prior to trial and *ruled on prior to the impaneling of a jury or the defendant being put in jeopardy*, whichever occurs first[.]"

(Emphasis supplied.) OCGA § 5-7-1 (a) (5).[2]

"In interpreting statutes, we presume that the General Assembly meant what it said and said what it meant." (Citation and punctuation omitted.) *Langley v. State*, 313 Ga. 141, 143 (2) (868 SE2d 759) (2022). Accordingly, this Court "afford[s] the statutory text its plain and ordinary meaning and read[s] the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would." *Arroyo*, 315 Ga. at 583-584. We further avoid any construction that would make "some language mere surplusage, [and in] construing language in any one part of a

---

[2] Subsections (a) (5) (A) - (B) also set forth "multiple specific timing requirements" and a certification requirement that are not at issue in the instant case. *Wheeler*, 310 Ga. at 77 (1) (a) - (b).

statute, a court should consider the statute as a whole." (Citation and punctuation omitted.) *Kinslow v. State*, 311 Ga. 768, 771 (860 SE2d 444) (2021).

Under the plain language of OCGA § 5-7-1 (a) (5), the State is authorized to appeal "[f]rom an order . . . excluding any other evidence to be used by the [S]tate at trial" only if the motion to exclude was "ruled upon *prior to*" the earlier of two events, either "[1] the impaneling of a jury *or* [2] the defendant being put in jeopardy." OCGA § 5-7-1 (a) (5). See *Arroyo*, 315 Ga. at 584. That did not happen here.

As recounted above, the trial court conducted jury selection on June 9, 2022 for a trial that would not begin until August 15, 2022. . In the interim (specifically, on July 19, 2022), the trial court ruled on the motion to exclude the 1994 conviction. . Thus, the issue before us is whether the June 9, 2022 selection of the jury constitutes the "impaneling of a jury" within the meaning of OCGA § 5-7-1 (a) (5). We hold that it does.

Even if we assume, without deciding, that the State is correct that the jurors were not sworn in when they were selected on June 9, 2022, "Georgia law acknowledges that the impaneling of a jury is separate from being sworn." *Simpson v. State*, 357 Ga. App. 883, 887 (1) (852 SE2d 590) (2020). This is because a jury "is

impaneled prior to the time it is sworn." Id. Indeed, those two events may occur weeks, or even months, apart from one another. Although the mandate that the trial court give the oath set forth in OCGA § 15-12-139[3] to impaneled jurors "is absolute, the statute does not otherwise prescribe a specific time for the oath to be given." *State v. Desai*, 337 Ga. App. 873, 874 (789 SE2d 222) (2016). See also *Horton v. State*, 310 Ga. 310, 317-318 (2) (849 SE2d 382) (2020) ("[T]he trial does not begin until the jury has been impaneled *and* sworn") (citation omitted; emphasis supplied).

Georgia case law interpreting Georgia's speedy trial statute, OCGA § 17-7-10, provides guidance for what it means for a jury to be "impaneled." Those cases hold that "[f]or purposes of the [speedy trial] statute. . . impaneled means jurors who have been summoned, have appeared for service, and have not yet been discharged." *Williamson v. State*, 295 Ga. 185, 188-189 (758 SE2d 790) (2014). In *Johnson v. State*, 264 Ga. App. 195, 197-198 (590 SE2d 145) (2003), this Court rejected the argument that a jury is "'impaneled [for speedy trial purposes]. . . only when they are actually sworn and sitting in the jury box." Accord *Zarouk v. State*, 344 Ga. App. 261,

---

[3] OCGA § 15-12-139 provides that in criminal cases, the judge or clerk shall administer the following oath to the trial jury: "You shall well and truly try the issue formed upon this bill of indictment (or accusation) between the State of Georgia and (name of accused), who is charged with (here state the crime or offense), and a true verdict give according to the evidence. So help you God."

263 (810 SE2d 156) (2018). Based on this authority, we hold that this jury was impaneled on June 9, 2022, regardless of when they were sworn.

Further, a finding that a jury is not impaneled until it is sworn would render the "double jeopardy" language contained in OCGA § 5-7-1 (a) (5) "mere surplusage." *Kinslow v. State*, 311 Ga. at 771. That statute allows the State to appeal from an order excluding evidence if the motion was "ruled upon *prior to*" the sooner of two events: either the impaneling of a jury *or* "the defendant being put in jeopardy." OCGA § 5-7-1 (a) (5). A defendant is "placed in jeopardy when, in a court of competent jurisdiction with a sufficient indictment, he has been arraigned, has pled and a jury has been impaneled *and* sworn." (Citation and punctuation omitted; emphasis supplied.) *Hubbard v. State*, 225 Ga. App. 154, 155 (483 SE2d 115) (1997). See also *Harvey v. State*, 296 Ga. 823, 830 (2) (a) (770 SE2d 840) (2015) (holding that jeopardy attaches "[o]nce a jury is impaneled and sworn"). Holding that "impaneled" means "sworn" would ignore the precedent discussed above and render the "double jeopardy" language meaningless.

The State argues that it "met all of the statutory requirements of OCGA § 5-7-1 (a) (5) that it could control." However, complying with circumstances within its

7

control is not the test set forth in OCGA § 5-7-1 (a) (5). Rather, the statute allows the State to appeal from an order excluding evidence to be used by the State *only* if the motion to exclude was ruled upon prior to the impaneling of a jury. Absent such a ruling, the State is not permitted to appeal. While this may appear to some to be an unfair or overly harsh result, it is the result the statutory language demands, and we are not free to ignore that language or to impose our own policy preferences in express contradiction to the terms of a clearly worded statute. Because OCGA § 5-7-1 (a) (5) does not authorize us to address the merits of the State's appeal, we grant Sapp's motion to dismiss.

*Appeal dismissed. Barnes, P. J., and Pipkin, J., concur*.