**SECOND DIVISION**
**MCFADDEN, P. J.,**
**MILLER, P.J. and MERCIER, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

June 28, 2023

# In the Court of Appeals of Georgia

A23A0310. THE STATE v. WOOD.

MCFADDEN, Presiding Judge.

The state appeals from a judgment of not guilty, entered after a bench trial, which found that the state had failed to prove venue beyond a reasonable doubt. Because the state is not authorized to appeal from the trial court's judgment, the appeal must be dismissed.

1. *Facts and procedural posture.*

Rodney Wood was charged by indictment with three counts of invasion of privacy under OCGA § 16-11-90 for electronically sending nude pictures and a video of the alleged victim to a third party. Wood entered a plea of not guilty and the case was set for a jury trial. During a pre-trial conference on the trial date, the parties and the judge discussed the issue of venue, which the parties had briefed, but the judge

did not rule on the issue and indicated that the parties could pick a jury. Wood, however, opted to waive his right to a jury trial and proceed with a bench trial.

The court then held a pre-trial hearing on the state's motion to admit evidence of other acts. The court granted the motion, finding that the proffered evidence was admissible as intrinsic evidence needed to complete the story of the alleged crimes and that its probative value outweighed any prejudice to Wood. The case then proceeded to the bench trial, during which a stipulation of facts agreed to by the parties was introduced and read into the record by the assistant district attorney, and exhibits presented by both the state and Wood were also admitted into evidence. Based on the evidence presented, the trial court found that the state had failed to prove venue beyond a reasonable doubt and entered a judgment of not guilty.

The state filed this direct appeal from the trial court's judgment. And Wood has moved to dismiss the appeal.

2. *OCGA § 5-7-1 (a).*

"OCGA § 5-7-1 (a) establishes the universe of appeals the [s]tate is permitted to seek in criminal cases[.]" *State v. Arroyo*, 315 Ga. 582, 583 (883 SE2d 781) (2023) (citation and punctuation omitted). That code section "set[s] forth only a limited right of appeal for the [s]tate in criminal cases." *State v. Outen*, 289 Ga. 579, 580 (714

SE2d 581) (2011) (citations and punctuation omitted). And "if the [s]tate attempts an appeal outside the ambit of OCGA § 5-7-1 (a), the appellate courts do not have jurisdiction to entertain it." *State v. Wheeler*, 310 Ga. 72, 74 (1) (849 SE2d 401) (2020) (citation and punctuation omitted).

The state claims that its appeal in this case is authorized by paragraph (a) (3) of the statute, which provides that the state may appeal "[f]rom an order, decision, or judgment sustaining a plea or motion in bar, *when the defendant has not been put in jeopardy*[.]" OCGA § 5-7-1 (a) (3) (emphasis supplied). But contrary to the state's claim, Wood did not file a plea in bar seeking dismissal of the charges and the trial did not sustain any such plea; rather, the court entered a judgment of not guilty after a bench trial, finding that the state had not met its burden of proof as to venue. See *Smith v. State*, 345 Ga. App. 43, 45 (2) (812 SE2d 117) (2018) (the state must prove venue beyond a reasonable doubt in all criminal cases, even where the defendant agrees to a stipulated bench trial based on proffered evidence). Moreover, the trial court's judgment came after Wood had been put in jeopardy at the bench trial, which occurred when the judge received the parties' stipulated evidence and their respective exhibits. See *Arroyo*, supra at 584 ("Jeopardy attaches . . . in a bench trial when the judge begins to receive evidence[.]") (citations and punctuation omitted).

So the state's reliance on OCGA § 5-7-1 (a) (3) is misplaced. "And because the [s]tate's appeal is not authorized by OCGA § 5-7-1 (a) [(3)], we lack jurisdiction. Accordingly, this appeal is dismissed." *State v. Petty*, 362 Ga. App. 825, 830 (870 SE2d 241) (2022). Compare *State v. Stubbs*, 365 Ga. App. 630, 632 (1) (879 SE2d 716) (2022) (appeal from pretrial order granting plea in bar for lack of venue before defendant was put in jeopardy).

*Appeal dismissed. Miller, P. J., and Mercier, J., concur.*