**FOURTH DIVISION**
**DILLARD, P. J.,**
**BROWN and PADGETT, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

July 23, 2024

# In the Court of Appeals of Georgia

A24A1322. THE STATE v. ROUNDTREE.

BROWN, Judge.

Theodore Roundtree pleaded guilty to trafficking in methamphetamine (Count 1) and possession of a firearm by a convicted felon (Count 4), and the trial court sentenced him as a recidivist to 25 years, to serve 15 in prison and 10 on probation on Count 1, and 10 years to serve concurrent on Count 4. The State appeals, contending that the sentence is void because the trial court deviated from the mandatory minimum term of imprisonment under OCGA § 16-13-31 (e) (3), and failed to sentence Roundtree to the maximum sentence of 30 years under the recidivist statute, OCGA § 17-10-7. For the reasons set forth below, we vacate the sentence and remand this case to the trial court for resentencing.

The record shows that the State indicted Roundtree for trafficking in methamphetamine (in the amount of 603.37 grams) (Count 1), possession of a firearm during the commission of a felony (Count 2), fleeing and attempting to elude a police officer (Count 3), and possession of a firearm by a convicted felon (Count 4) for his conduct on February 5, 2022. Roundtree pleaded guilty to Counts 1 and 4, and the State dismissed the remaining two counts. During the sentencing hearing, the State presented evidence that Roundtree pleaded guilty in 2009 to fourteen felony counts in Gwinnett County, including six counts each of aggravated assault and criminal attempt, and one count each of burglary and possession of a firearm or knife during the commission of a felony.[1] The State also indicated during the hearing that it had agreed to a cap of "30 serve 25" under OCGA § 16-13-31 (e) (3), arguing that "the maximums for count one in this case would be 30 with a minimum to serve imprisonment of 25 and a one million dollar fine" and 10 years concurrent on Count 4.

---

[1] The 14 felonies for which Roundtree pleaded guilty in 2009 were for crimes charged on separate counts of the same indictment. See OCGA § 17-10-7 (d) ("[f]or the purpose of this Code section, conviction of two or more crimes charged on separate counts of one indictment or accusation, or in two or more indictments or accusations consolidated for trial, shall be deemed to be only one conviction"); *Fuller v. State*, 233 Ga. App. 211, 211-212 (504 SE2d 62) (1998).

Roundtree argued that unlike OCGA § 17-10-6.1, which specifically prohibited the trial court from suspending, staying, probating, or deferring a mandatory minimum sentence for a serious violent felony, OCGA § 16-13-31 — as amended in 2013 — no longer included such language. Accordingly, Roundtree asked the trial court to sentence him to 25 years, to serve 15 in prison and 10 on probation, arguing that the trial court must sentence him to 25 years, but that it was authorized in its discretion to suspend, stay, probate, or defer any portion of that sentence. After considering these arguments, the trial court sentenced Roundtree to 25 years, to serve 15 in prison and 10 on probation on Count 1, and 10 years to serve concurrent on Count 4. The State appeals.

1. The State contends that Roundtree's sentence is void because the trial court impermissibly deviated from the mandatory minimum term of imprisonment under OCGA § 16-13-31 (e) (3), by probating a portion of the sentence on Count 1. We disagree.

The interpretation of a sentencing statute is a question of law, which we review de novo. See *Moffitt v. State*, 359 Ga. App. 261, 263 (857 SE2d 264) (2021). See also *State v. Ault*, 369 Ga. App. 163, 163-164 (892 SE2d 586) (2023). "A sentence is void

if the court imposes punishment that the law does not allow." (Citation and punctuation omitted.) *State v. Carden*, 281 Ga. App. 886 (637 SE2d 493) (2006). Under OCGA § 16-13-31 (e) (3),

> any person who sells, delivers, or brings into this state or has possession of 28 grams or more of methamphetamine, amphetamine, or any mixture containing either methamphetamine or amphetamine, as described in Schedule II, in violation of this article commits the felony offense of trafficking in methamphetamine or amphetamine and, upon conviction thereof, shall be punished as follows: . . . (3) If the quantity of methamphetamine, amphetamine, or a mixture containing either substance involved is 400 grams or more, the person shall be sentenced to a mandatory minimum term of imprisonment of 25 years and shall pay a fine of $1 million.

The statute allows the State to seek a reduced or suspended sentence upon any person convicted of violating the Code section if the person "provides substantial assistance in the identification, arrest, or conviction of any of his or her accomplices, accessories, coconspirators, or principals." OCGA § 16-13-31 (g) (1). It also allows the trial court, in its discretion, to depart from the mandatory minimum sentence specified for an offender under the Code section if the judge concludes that:

> (i) The defendant was not a leader of the criminal conduct; (ii) The defendant did not possess or use a firearm, dangerous weapon, or

hazardous object during the crime; (iii) The criminal conduct did not result in a death or serious bodily injury to a person other than to a person who is a party to the crime; (iv) The defendant has no prior felony conviction; and (v) The interests of justice will not be served by the imposition of the prescribed mandatory minimum sentence.

OCGA § 16-13-31 (g) (2) (A). The sentencing departure range applicable to a person convicted under OCGA § 16-13-31 (e) (3) is "12 years and six months to 25 years imprisonment and a fine of not less than $500,000.00 nor more than $1 million." OCGA § 16-13-31 (g) (2) (B) (x). Lastly, OCGA § 16-13-31 (h) provides that "[a]ny person who violates any provision of this Code section shall be punished as provided for in the applicable mandatory minimum punishment and for not more than 30 years of imprisonment and by a fine not to exceed $1 million."

As our Supreme Court has reiterated:

In interpreting statutes, we presume that the General Assembly meant what it said and said what it meant. And so, we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would. The common and customary usages of the words are important, but so is their context. For context, we may look to other provisions of the same statute, the structure and history of the whole statute, and the other law — constitutional, statutory, and

5

common law alike — that forms the legal background of the statutory provision in question.

(Citations and punctuation omitted.) *Langley v. State*, 313 Ga. 141, 143 (2) (868 SE2d 759) (2022). "Moreover, all statutes relating to the same subject matter are to be construed together, and harmonized wherever possible." (Citation and punctuation omitted.) Id. Thus, this Court must "construe statutes in connection and in harmony with the existing law, and as a part of a general and uniform system of jurisprudence." (Citation and punctuation omitted.) Id. at 143-144 (2).

The State contends that it did not agree to deviate from the mandatory minimum sentence and Roundtree failed to meet all of the five criteria for deviation; thus, when the trial court probated a portion of Roundtree's sentence, it violated the plain language of the statute which mandates a minimum term of imprisonment of 25 years. Roundtree contends that OCGA § 16-13-31 is silent on the issue of probation and only discusses the trial court's ability to reduce or suspend a sentence. In his view,

OCGA § 17-10-1 (a) (1) (A),[2] which gives the trial court authority to probate a sentence, applies in this case.

Our Supreme Court considered a similar situation in *Langley* when it reversed this Court's holding that trial courts lack the discretion to probate any portion of a sentence imposed for possession of a firearm by a convicted felon. 313 Ga. at 143 (2).

---

[2] OCGA § 17-10-1 (a) (1) (A) provides:

Except in cases in which life imprisonment, life without parole, or the death penalty may be imposed, upon a verdict or plea of guilty in any case involving a misdemeanor or felony, and after a presentence hearing, the judge fixing the sentence shall prescribe a determinate sentence for a specific number of months or years which shall be within the minimum and maximum sentences prescribed by law as the punishment for the crime. The judge imposing the sentence is granted power and authority to suspend or probate all or any part of the entire sentence under such rules and regulations as the judge deems proper, including service of a probated sentence in the sentencing options system, as provided by Article 6 of Chapter 3 of Title 42, and including the authority to revoke the suspension or probation when the defendant has violated any of the rules and regulations prescribed by the court, even before the probationary period has begun, subject to the conditions set out in this subsection; provided, however, that such action shall be subject to the provisions of Code Sections 17-10-6.1 and 17-10-6.2.

On appeal, the State argued before this Court that the trial court lacked authority to impose a probated sentence under OCGA § 16-11-131 (b)[3] and that the defendant's sentence of six months to serve with the remainder on probation was therefore void. Id. at 142 (1). This Court agreed with the State, "acknowledg[ing] the trial court's general discretion under OCGA § 17-10-1 (a) (1) (A) to impose a probated sentence but conclud[ing] that the specific and mandatory phrase 'shall be imprisoned' in OCGA § 16-11-131 (b) prevailed over the general grant of authority to 'probate all or

---

[3] OCGA § 16-11-131 (b) provides:

Any person who is on probation as a felony first offender pursuant to Article 3 of Chapter 8 of Title 42, who is on probation and was sentenced for a felony under subsection (a) or (c) of Code Section 16-13-2, or who has been convicted of a felony by a court of this state or any other state; by a court of the United States including its territories, possessions, and dominions; or by a court of any foreign nation and who receives, possesses, or transports a firearm commits a felony and, upon conviction thereof, shall be imprisoned for not less than one year nor more than ten years; provided, however, that upon a second or subsequent conviction, such person shall be imprisoned for not less than five nor more than ten years; provided, further, that if the felony for which the person is on probation or has been previously convicted is a forcible felony, then upon conviction of receiving, possessing, or transporting a firearm, such person shall be imprisoned for a period of five years.

8

any part' of a determinate sentence contained in OCGA § 17-10-1 (a) (1) (A)."

(Citation, punctuation, and footnote omitted.) Id. The Supreme Court reversed our

holding. Id. at 148 (2). While its reversal hinged on the statute's use of "shall be

imprisoned" or "shall be punished by imprisonment," its analysis of the interplay

between those sentencing "terms of art" and a trial court's discretion to probate a

sentence is instructive:

> If a penal statute's use of "shall be imprisoned" or "shall be punished
> by imprisonment," standing alone, were sufficient to deprive trial courts
> of their discretion to impose probated sentences under OCGA § 17-10-1
> (a) (1) (A), statutory language expressly prohibiting probation would be
> mere surplusage.

Id. at 146 (2). Similarly, in this case, language in OCGA § 16-11-31 permitting

deviation from the mandatory minimum only under certain circumstances — none of

which apply to Roundtree — does not deprive the trial court of its discretion under

OCGA § 17-10-1 (a) (1) (A) to impose a probated sentence.[4]

---

[4] As the State and Roundtree both note, OCGA § 16-13-31 was amended in 2013. Ga. L. 2013, Act 84 (H.B. 349), § 4. Subsection (g) (1) of the former version provided: "Except as provided in paragraph (2) of this subsection and notwithstanding Code Section 16-13-2, with respect to any person who is found to have violated this Code section, adjudication of guilt or imposition of sentence shall not be suspended, probated, deferred, or withheld prior to serving the mandatory

2. While we find no merit in the State's claim that the trial court impermissibly probated a portion of Roundtree's sentence, we nonetheless agree with the State that the trial court erred in imposing a 25-year sentence on Count 1 when the recidivist statute, OCGA § 17-10-7 (a), mandates a 30-year sentence. OCGA § 17-10-7 (a) provides:

minimum term of imprisonment prescribed by this Code section." See *Gillen v. State*, 286 Ga. App. 616 (649 SE2d 832) (2007) (under prior version of OCGA § 16-13-31 (g) (1), trial court was without authority to suspend or probate defendant's sentence despite language in OCGA § 17-10-1 (a) (1); specific statute prevails over general statute). See also OCGA § 42-8-39 ("[i]n all criminal cases . . . in which a plea of guilty . . . is entered and in which the court after imposing sentence further provides that the execution of the sentence shall be suspended, such provision shall not have the effect of placing the defendant on probation as provided in this article"); *Williams v. State*, 191 Ga. App. 217 (381 SE2d 399) (1989) (a suspended sentence does not have the effect of placing a defendant on probation; "[t]he only real distinction between a probated sentence and a suspended sentence is that a probated sentence is served under the supervision of the probation officers pursuant to the Statewide Probation Act . . ., whereas a suspended sentence is served without such supervision, but on such legal terms and conditions as are required by the sentencing judge") (citation and punctuation omitted). Such language regarding probating a sentence no longer appears in the statute. See *Gray v. State*, 310 Ga. 259, 262 (2) (850 SE2d 36) (2020) ("All statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it. They are therefore to be construed in connection and in harmony with the existing law.") (citation and punctuation omitted). See also *Glass v. Faircloth*, 354 Ga. App. 326, 331 (2) (840 SE2d 724) (2020) ("[w]hen a statute is amended, . . . it may be presumed that the legislature intended some change in the existing law") (citation and punctuation omitted).

10

Except as otherwise provided in subsection (b)[5] or (b.1)[6] of this Code section, any person who, after having been convicted of a felony offense in this state or having been convicted under the laws of any other state or of the United States of a crime which if committed within this state would be a felony and sentenced to confinement in a penal institution, commits a felony punishable by confinement in a penal institution *shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted*, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.

(Emphasis supplied.) Because OCGA § 16-13-31 (h) provides for a maximum sentence of 30 years, the trial court erred in sentencing Roundtree to 25 years on Count 1. But, OCGA § 16-13-31 does not contain a recidivist sentencing provision. Accordingly, as indicated above, even though the trial court is not authorized to reduce or suspend any portion of Roundtree's sentence, it has discretion to probate the sentence under

---

[5] This subsection applies to any person convicted of a serious violent felony. See OCGA § 17-10-7 (b).

[6] This subsection provides that "[s]ubsections (a) and (c) of this Code section shall not apply to a second or any subsequent conviction for any violation of subsection (a), paragraph (1) of subsection (i), or subsection (j) of Code Section 16-13-30." OCGA § 17–10-7 (b.1).

OCGA § 17-10-7 (a). See, e.g., *State v. Stanford*, 312 Ga. 707, 709-710 (864 SE2d 448) (2021) (indicating that OCGA § 17-10-7 (a) "grant[s] judges some discretion over how much of the sentence has to be served in custody," but holding that its "authorization of suspended sentences is expressly limited by any restrictions imposed by other laws" such as OCGA § 16-7-1 (d), which prohibits suspended sentences for defendants with four or more burglary convictions).

*Sentence vacated, and case remanded for re-sentencing. Dillard, P. J., and Padgett, J., concur.*