# Court of Appeals
# of the State of Georgia

ATLANTA,  March 09, 2026

*The Court of Appeals hereby passes the following order:*

## A26I0137. THE STATE v. NIKOLAI CHEA.

Nikolai Chea was indicted, together with three co-defendants, for felony murder, aggravated assault, and possession of a firearm during commission of a felony. Prior to trial, Chea moved to suppress certain identification evidence that arguably showed his participation in the crimes at issue. Following a hearing, the trial court granted that motion on February 6, 2026. The State then sought and obtained a certificate of immediate review and on February 12, 2026, it filed this application for interlocutory appeal. We lack jurisdiction.

The right of the State to appeal in criminal cases is derived statutorily from OCGA § 5-7-1(a) — i.e., that statute "establishes the universe of appeals the State is permitted to seek in criminal cases[.]" *State v. Wheeler*, 310 Ga. 72, 74(1) (849 SE2d 401) (2020) (citation and punctuation omitted).  Under OCGA § 5-7-1 (a), the State may appeal an order to suppress or exclude evidence provided certain conditions are met. OCGA § 5-7-1(a)(4), (5). And where the order at issue suppresses evidence on any grounds other than that the evidence was illegally seized, the statute requires that the notice of appeal be filed within two days of the order sought to be appealed and that the prosecuting attorney certify to the trial court "that such appeal is not taken for purpose of delay and that the evidence is a substantial proof of a material fact in the proceeding[.]" OCGA § 5-7-1(a)(5)(A), (B).

Here, the State satisfied neither of these requirements. The application was not filed until six days following entry of the suppression order, and the State failed to provide the required certificate. Given these facts, we lack jurisdiction to consider the

application. See *State v. Arroyo*, 315 Ga. 582, 583 (883 SE2d 781) (2023) ("appellate courts do not have jurisdiction to entertain an appeal filed by the State in a criminal case that falls outside the ambit of [OCGA § 5-7-1 ].") (citation and punctuation omitted); *State v. Outen*, 289 Ga. 579, 581 (714 SE2d 581) (2011) (State's failure to comply with the requirements of OCGA § 5-7-1 deprives appellate court of jurisdiction). Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,*___03/09/2026_____

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*